United States District Court
Southern District of Texas
**ENTERED**
October 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ANGELO VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-3522 |
| | § | |
| DOLGENCORP OF TEXAS, INC., d/b/a DOLLAR GENERAL #4646, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Robert Angelo Vasquez alleges that he "tripped and fell on a [U-boat platform] loading dolly" in an aisle close to the entrance at a Dollar General[1] store in Texas. (*See* Docket Entry No. 1-1 at 5–6). Dollar General moved for summary judgment, arguing that Vasquez cannot "assert[] a general negligence cause of action[]" for a premises-liability claim and that "the dolly was open and obvious . . . [,] [and] not an unreasonably dangerous condition." (Docket Entry No. 28 at 1–2).

The accident "was captured on the store's closed-captioned video system." (*Id.* at 2 (citing Docket Entry No. 28-3 (titled "CCTV Video of the Incident")); Docket Entry No. 29[2]). When Vasquez and his wife entered the Dollar General, a store employee was placing a case of water on the black U-boat platform dolly, which contrast[ed] with the gray concrete floor and the green display next to which it [wa]s parked." (Docket Entry No. 28-3 at 09:11:40–45; Docket Entry No. 28 at 5).

---

[1] The court refers to Dolgencorp of Texas, Inc., d/b/a Dollar General #4646, as Dollar General.

[2] Docket Entry No. 29 contains a video recording of the incident. For consistency, the court refers to this recording as Docket Entry No. 28-3.




Vasquez's wife walked parallel to the U-boat platform dolly, which "had two ends . . . measur[ing] more than four feet tall and . . . [was] several feet long[]" and which had a case of water on each end. (Docket Entry No. 28-3 at 09:11:45–48; Docket Entry No. 28 at 13).



Vasquez, however, "turn[ed] to his right . . . upon entering the store, t[ook] a few steps, and trip[ped] over the U-boat platform dolly." (Docket Entry No. 28-3 at 09:11:45–50; Docket Entry No. 28 at 3).






Vasquez alleges that the fall caused injuries to his "head, neck, shoulders, chest, and forearms." (Docket Entry No. 30 at 2; Docket Entry No. 1-1). There were no obstructions preventing Vasquez from having a clear view of the U-boat platform dolly before he tripped on it. (*See* Docket Entry No. 28-3). Vasquez testified that he did not see the dolly before tripping over it but confirms that he saw "what looked like one bag of grapes" on the fruit shelf. (Docket Entry No. 30 at 5–6). Vasquez also testified that he was wearing glasses, which had transition lenses,[3] when he entered the store, and that he was not looking where he was walking but instead focused on the fruit displays. (*See id.* at 5–11).

Based on the pleadings, the motion, the response, the reply, the video recording, the record, and the applicable law, the court grants Dollar General's summary-judgment motion, (Docket Entry No. 28). The reasons for this ruling are set out below.

## I. The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the

[3] Vasquez acknowledges that the transition lenses "darken in bright lighting conditions and become transparent in dim lighting conditions." (Docket Entry No. 30 at 10).

evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted). The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323.

In the present case, there is a video recording of the incident. (Docket Entry No. 28-3). "Although [courts] review evidence in the light most favorable to the nonmoving party, [courts] assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Scott v. Harris*, 550 U.S. 372, 381 (2007) (noting that the court "should have viewed the facts in the light depicted by the videotape[]" at the summary-judgment stage)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

## II. Analysis

Vasquez asserts claims against Dollar General, including negligence claims. (Docket Entry No. 1-1). In Texas, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citation omitted). "Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner['s] or occupant's duty with respect to those who enter the property." *Id.* (citation omitted). Texas courts "have recognized that 'slip/trip-and-fall cases have consistently been treated as premises defect causes of action.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017) (citation omitted); *see also Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015) ("[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." (citations omitted)).

"There is no allegation Vasquez was injured by a[] contemporaneous activity . . . ." (Docket Entry No. 28 at 7 (citing Docket Entry No. 1-1)). The video recording confirms that "there

was no contemporaneous activity . . . [that] caused [Vasquez] to trip on the dolly." (Docket Entry No. 28 at 7; Docket Entry No. 28-3); *see Scott*, 550 U.S. at 380; *see also Carnaby*, 636 F.3d at 187. Vasquez has neither refuted Dollar General's argument nor provided facts that overcome those depicted in the video recording. *Compare* (Docket Entry No. 30), *with* (Docket Entry Nos. 28, 28-3, 31); *see Scott*, 550 U.S. at 380; *see also Carnaby*, 636 F.3d at 187. Dollar General is entitled to judgment as a matter of law on the general negligence claims.

Vasquez's claims are properly analyzed under Texas premises-liability law. To avoid summary judgment on a premises liability claim, a plaintiff must raise a factual dispute as to the elements of the claim: "(1) [a]ctual or constructive knowledge of some condition on the premises by the owner/operator; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted). It is undisputed that Vasquez, "as a customer in the Dollar General store, was an invitee on the premises." (Docket Entry No. 28 at 8). Under Texas law, "[t]he duty owed is to exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) (citation omitted); *see also id.* ("The duty owed by an owner or occupier of premises to an invitee is not that of an insurer." (citations omitted)).

However, "[w]hen the danger is open and obvious, the property owner generally has no obligation to warn of the danger or make the premises safe, as a matter of law." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (citations omitted). "Whether a danger is open and obvious is a question of law determined under an objective test." *Id.* (citation

omitted); *see also id.* ("Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." (citation omitted)). "To properly apply an objective test, [courts] must consider the 'totality of' the 'particular' circumstances the plaintiff faced." *Id.* at 788–89 (citations omitted). "Applying this holistic standard, Texas state and federal courts have regularly concluded that visible, stationary, floor-level obstructions—large and small—are open and obvious as a matter of law." *Diaz v. Lowe's Home Centers, LLC*, No. 4:20-cv-2454, 2022 WL 18396214, at *2 (S.D. Tex. June 3, 2022) (collecting cases, including those involving a flatbed cart; a hot tub; a nylon strap; a raised patch of concrete; a fountain; and an algae patch on a wooden slope).

In the present case, the black, chest-high U-boat platform dolly, spanning several feet in length, was "easily distinguishable from its [lighter] surroundings[,]" was "not concealed[,]" and "remained in exactly . . . the same position from the moment that [Vasquez] entered the store to the time that []he tripped over it." *See id.* at *3; *see also id.* (noting that "[a]lthough the cart here was not a permanent fixture, it was in a fixed position throughout the relevant timeframe" and "[t]hat fact underscores why a reasonable person would have noticed and avoided the cart").

Vasquez's counterarguments are unpersuasive, for several reasons. First, contrary to his testimony that the dolly was "left completely unsecured and unattended," (Docket Entry No. 30 at 1–2), the video unambiguously shows that the store employee was using the U-boat platform dolly to hold cases of water that she was reshelving as Vasquez walked in. (Docket Entry No. 28-3 at 09:11:40–45 (showing that the dolly was in a fixed and evenly-balanced position with two cases of water on each end); *see Carnaby*, 636 F.3d at 187 (noting that the court "should have viewed the facts in the light depicted by the videotape[]" at the summary-judgment stage); *see also Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.”).

Second, Vasquez’s deposition testimony, that he did not see the U-boat platform dolly as he walked in, does not diminish the fact that the dolly was open and obvious, or change the applicability of the objective standard. *Compare* (Docket Entry No. 30-1 at 34), *with Los Compadres Pescadores*, 622 S.W.3d at 788 (noting that “the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances”). A reasonably prudent person would have seen the U-boat platform dolly, which as the video recording shows, spanned several feet in length and was chest high and black, contrasted with the gray concrete floor and the adjacent green display. *Compare* (Docket Entry No. 28-3; Docket Entry No. 28 at 5), *with* (Docket Entry No. 30 at 11); *see Carnaby*, 636 F.3d at 187; *see also Scott*, 550 U.S. at 380.

Third, Vasquez’s arguments that the lighting made it hard for him to see the dolly are undermined by his testimony that when he entered the store, he could see a small bag of grapes farther away from him than the dolly was. *Compare* (Docket Entry No. 30-1 at 34:04–05 (“[It] looked like it was a short selection of grapes, maybe two bags.”), *with* (Docket Entry No. 30 at 7–11). That testimony is consistent with the summary-judgment evidence that Vasquez was not looking where he was going when he tripped over the dolly. (*See, e.g.*, Docket Entry No. 28-3). Vasquez’s argument is also undermined by the testimony of his wife, who testified that Dollar General was not poorly lit. (*See* Docket Entry No. 30 at 8 (“[A]dmittedly, Mrs. Robinson . . . does not indicate that the lighting inside the store is particularly dim[.]”)).

Fourth, the U-boat platform dolly was not an unreasonably dangerous condition. *Compare* (Docket Entry No. 28 at 11–12; Docket Entry No. 31 at 6–7), *with* (Docket Entry No. 30 at 12–

15). "Though the question of whether a condition is unreasonably dangerous is 'often a fact question,' Texas courts have held that 'common or innocuous hazards are not unreasonably dangerous as a matter of law.'" *Hawthorne v. Randall's Food & Drugs, LP*, No. 1:24-cv-600-DAE, 2026 WL 933539, at *3 (W.D. Tex. Feb. 24, 2026) (citing *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024)). "Merely because a condition causes an injury does not make it unreasonably dangerous." *Ardelean v. Wal-Mart, Inc.*, 838 F. App'x. 852, 854 (5th Cir. 2020) (per curiam). Texas courts consider myriad factors, including "whether the relevant condition was clearly marked, its size, whether it had previously caused injuries or generated complaints, whether it substantially differed from conditions in the same class of objects, and whether it was naturally occurring." *Hawthorne*, 2026 WL 933539, at *3 (citing, *inter alia*, *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)). When a condition is open and obvious, it is generally not an unreasonable danger. *Austin*, 465 S.W.3d at 203 (noting that the Texas Supreme "Court has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee" (citations omitted)); *see also id.* ("This general rule is also consistent with the Court's recognition that a landowner's duty to invitees is not absolute. A landowner 'is not an insurer of [a] visitor's safety.'" (alteration in original; citations omitted)).

In the present case, the U-boat platform dolly was large, black against lighter backdrops, unobstructed, and in active use. (*See* Docket Entry No. 28-3). The summary-judgment record shows no history of Dollar General trip-and-fall cases involving dollies. (*Cf.* Docket Entry No. 28 at 12 ("In his 14 years of working at Dollar General, [District Manager] Knight was unaware of any other instance where an individual tripped over a U-boat and fell." (citing Docket Entry No.

28-5))). There is no summary-judgment evidence that this U-boat platform dolly substantially differed from other dollies or objects in the same class.

The video recording contradicts Vasquez's version of the facts. The dolly was open and obvious, and not an unreasonably dangerous condition. Dollar General is entitled to judgment as a matter of law on the premises-liability claim.

## III. Conclusion

The court grants Dollar General's summary-judgment motion, (Docket Entry No. 28), and denies, as moot, the opposed motion to strike the plaintiff's experts, (Docket Entry No. 33). Final judgment will be separately entered.

SIGNED on October 24, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge